UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HARRY BRISCOE, | CASE NO. 1:11 CV 2815 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| TERRY TIBBALS, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

On December 30, 2011, petitioner *pro se* Harry Briscoe, an inmate at the Mansfield Correctional Institution, filed the above-captioned *in forma pauperis* petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition indicates Briscoe is challenging his 2007 convictions, pursuant to a jury verdict, for murder and two counts of aggravated robbery, with multiple specifications, for which a sentence of 28 years to life was imposed..

As grounds for the petition, petitioner asserts his right to due process was violated because the indictments were structurally flawed, and because he was not present for resentencing after the Ohio Court of Appeals vacated one of the aggravated robbery counts.[1] For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.

---

[1] On resentencing, the Ohio trial court simply imposed the same sentence for the remaining convictions, which had been affirmed.

28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As a threshold matter, petitioner does not set forth any argument which might support the claim that all his convictions are invalid because the Ohio Court of Appeals found one of the aggravated robbery counts was defective. Further, a subsequent mandamus action filed by petitioner made the argument that, under Ohio Revised Code § 2953.13, he was required to be transported to the jail of the county in which he was convicted for a *new trial.* See *Briscoe v. Matia*, 128 Ohio St.3d 365 (2011). That statutory provision was obviously inapplicable, and is not a constitutionally based claim in any event. Finally, as the Ohio Supreme Court noted in his mandamus action, petitioner had an adequate remedy at law in the form of a direct appeal from the resentencing decision, an avenue he has yet to pursue. *Briscoe v. Matia*, 128 Ohio St.3d at 367. As such an appeal is at least theoretically available, *see* Ohio Appellate Rule 5(a), this court will dismiss this case without prejudice.[2]

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no view concerning the merits or timeliness of any such appeal.